## In re Pocono Haven Truck Plaza

*John P. Lavelle*, for appellant.

*Hershel Richman*, for Department of Environmental Resources.

WATERS and GOLDBERG, Members, November 14, 1972.—This action arises out of a refusal by the Department of Environmental Resources, hereinafter called "department," of a permit application filed by appellant, Pocono Haven Truck Plaza, to construct and operate its own sewage treatment facility in East Side Borough, Carbon County.

## FINDINGS OF FACT

1. Appellant, Pocono Haven Truck Plaza, owned and operated by Walter Sudu, is located in East Side Borough, Carbon County, and also borders Kidder Township off Interstate Route 80.

2. The business consists of 80 acres, of which approximately 14 are being used in a truck stop and filling station operation serving major traffic arteries.

3. There are a number of other small businesses in the immediate vicinity, including a steak house and another service station.

4. There are no municipal sewage treatment facilities presently available for appellant or the other structures in the area.

5. There are municipal plans in existence which could make adequate treatment facilities available in December of 1974.

6. In November 1971, appellant obtained and by application for permit submitted, a final proposal for a sewage treatment facility to serve his needs and to be made available to other businesses in the area until such time as a municipal system is put into operation.

7. On May 10, 1972, the department denied the request by appellant for a sewage treatment permit.

8. The use of holding tanks for the disposal of sewage for appellant and other businesses in the area is expensive as an alternative to a treatment facility.

9. There is raw sewage being discharged into the waters of the Commonwealth by businesses in the area in question, which further threatens the purity of Bisling Creek and the general health of the area.

10. The business volume of appellant is increasing and the truck stop in question fills a business need in the area.

11. There is interest on the part of other businesses in the area in making use of a sewage treatment facility if operated by appellant.

12. It is not clear that the water quality in Bisling Creek will be properly protected if the proposed treatment plant is permitted to be operated by appellant.

## CONCLUSIONS OF LAW

1. The Environmental Hearing Board has jurisdiction of the parties and the subject matter of this appeal.

2. The regulations of the department, chapter 91, §91.31-32, regarding Standards for Approval of Sewage Treatment Permits, provides that the project must conform to a comprehensive program of water quality management and pollution control or that immediate action is necessary to abate existing pollution or health hazards.

3. Although it is clear that appellant's proposal does not qualify as a comprehensive water quality program, there is, on the other hand, an immediate necessity to abate existing pollution and health hazards in the area of the truck stop.

4. The water quality of the Bisling Creek is designated as zone no. 01.131.34 through 01.1.51 and as of March 12, 1972, is classified as of higher quality than the established water quality criteria.

5. The regulations of the department (95.1) provide that "Waters having a better quality than the applicable water quality criteria as of the effective date of the establishment of such criteria shall be maintained at such high quality unless it is affirmatively demonstrated that a change is justified as the result of economic or social development and will not preclude uses presently possible in such waters."

6. The use of holding tanks required by the department action is an unsatisfactory solution to appellant's sewage problem until December 1974.

7. The present discharge of raw sewage which occurs in the area, coupled with the fact that there will be no comprehensive municipal sewage treatment available before December 1974, requires that immediate action be taken to abate existing pollution and health hazards.

8. There is conflicting and insufficient evidence on the water quality of Bisling Creek and exactly what changes can be expected there if the permit is allowed to appellant, and whether the discharge from the treatment plant can meet minimum standards of the department.

## DISCUSSION

The owner of land in Pennsylvania should have wide latitude consistent with the law and our Constitution in using it as he sees fit.

Any limitations on this basic freedom should be construed with due regard for this principle, and it obviously must yield where clearly necessary for the good of the society as a whole.

In this case, Walter Sudu, owner of Pocono Haven Trailer Plaza, appellant, has, over the years, established a going and growing concern which meets a real need and provides an economic benefit to the area it serves. Because of the propitious location and no doubt great industry and sagacity on his part, his business now requires expansion.

In an effort to meet this new development, appellant applied for a permit to build a sewage treatment plant with a capacity not only to meet its needs, but to serve a number of nearby businesses as well. Presently, the businesses in the area are supposed to be using holding tanks, but it appears that this requirement, because of the expense and inconvenience, is not being fully observed. Consequently, a pollution and health hazard is developing in the vicinity of appellant's property.

The department, by refusing the application has, in effect, said that appellant must wait until at least 1974 for an adequate solution to his problem. At that time, a municipal sewage treatment system may be available for use.

Appellant takes the position consistent with department regulations and policy, that a comprehensive system is the best answer and that he is willing to use such system when it becomes available. Meanwhile, appellant seeks to operate, on a temporary basis, his own treatment facility. We accept this proposed temporary solution as a reasonable and valid alternative to the present conditions.

The real problem area concerns the Bisling Creek and the discharge from the proposed facility thereinto. If it were clear on this record that the water quality would be helped or at least not degraded by appellant's treatment system, we would not hesitate to order that a permit be granted.

However, at the hearing it was made to appear that significant changes can be made in the system as proposed and rejected by the department, and that with some changes, the effluent from the proposed plant would meet minimum State standards for discharge into Bisling Creek. Obviously, these are matters of great importance and deserve further consideration by the department.

Although the burden of proof is upon appellant, the efforts made to meet this burden have been undertaken in good faith and at some expense, and inasmuch as issues involving health hazards and the interests of third parties not before the board are involved, we are inclined to remand this case to the department for further action consistent with this adjudication rather than to dismiss it on this record.

We expect the department to permit appellant to submit more detailed information concerning the other businesses he proposes to serve on a temporary basis with his treatment facility.

We are not unmindful of the fact that appellant moved ahead with his plans for a treatment plant even after he had notice that the department did not want him to do so. Although we do not condone this conduct, we cannot allow it to control our decision on the important questions raised by this appeal.

It is our belief that the basic purpose of administrative law is to find solutions to problems such as this one, where pursuit of the letter of the law might serve to thwart the real legislative intention. We do not believe that it is sound environmental policy to ignore the facts as they are in order to deal with them as you would like them to be. The pollution problems that have developed and are developing in East Side Borough require an immediate interim solution. The year

1974 simply is not soon enough to answer the needs of the area.

We, therefore, enter the following

## ORDER

And now, November 14, 1972, it is hereby ordered that the application of appellant, Pocono Haven Truck Plaza, be and hereby is remanded to the Department of Environmental Resources for further consideration consistent with this adjudication.

## CONCURRING OPINION

MALIN, Chairman, November 14, 1972.—I concur in the order which returns the case to the Department of Environmental Resources for further proceedings.

Appellant seeks to install an interim sewage treatment plant to treat the effluent of his and other businesses in the area. The present holding tank method is proving unsatisfactory, and apparently extremely expensive.

The department desires that appellant not be allowed to put in a treatment plant and discharge into Bisling Creek because in 1974 municipal sewage treatment may be available. However, there is an immediate health and pollution problem. There is also the problem of maintaining the degree of purity in Bisling Creek and ability to sustain fish and aquatic life because of economic importance of tourism in this area.

The burden of proof is on appellant to prove (1) that the quality of the effluent will not degrade the stream; (2) that there are no other practicable alternatives to the system he proposes; and (3) that the quality of the stream in which he seeks to discharge is lower than that of the effluent with a sufficient safety factor so that at no time will the stream be degraded, with the resulting possibility of ecological damage.

A review of this record does not indicate to me that appellant has sustained any of the above burdens. I concur only because I believe that appellant should be given the opportunity to show why his proposed treatment plant would perform within the parameters appellant claims for it and why it would not be at least as practicable as to use holding tanks. Granted the current holding tanks are not working, but clearly, properly functioning holding tanks could solve the problem, albeit at relatively high cost.

I also believe it is incumbent upon appellant to submit scientific tests of a high degree of accuracy with respect to the quality of the water in the Bisling Creek. The record does not indicate to me that this was done.

If, in fact, Bisling Creek is a high-quality stream, then appellant carries a heavy burden of going forward and proving that the actions he proposes involve little or no possibility of ecological damage.